## NEWMAN v. STATE BANK.

(Supreme Court, Appellate Term.   June 24, 1910.)

1. BANKS AND BANKING (§ 133*)—DEPOSITS—RETURN TO DEPOSITOR.

A provision in a bank pass book that all payments to persons producing the pass book shall be valid payments to discharge the bank is of no legal effect except in the case of savings banks, and then only if prescribed by the board of trustees, as authorized by Banking Law, § 143 (Consol. Laws, c. 2).

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 344, 347; Dec. Dig. § 133.*]

2. BANKS AND BANKING (§ 148*)—DEPOSITS—RETURN TO DEPOSITOR.

An ordinary bank must know the signature of a depositor at its peril, unless it can show an agreement to the contrary with the depositor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 440; Dec. Dig. § 148.*]

3. BANKS AND BANKING (§ 133*)—DEPOSITS—RETURN TO DEPOSITOR.

A provision printed in English in a bank pass book authorizing payment to any person producing the pass book, to which a depositor did not assent, not being able to read English, and the provision not being called to her attention, was not evidence of an agreement to that effect.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 344, 347; Dec. Dig. § 133.*]

Appeal from City Court of New York, Trial Term.

Action by Fannie G. Newman against the State Bank. From a judgment for defendant, and order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Stackell & Louis, for appellant.

Feltenstein & Rosenstein, for respondent.

BIJUR, J.   This action was brought by a depositor to recover the amount of her deposit in the defendant bank.   It was claimed that the sum was drawn out by another party on a forged draft and on production of the pass book.

The complaint alleges that the defendant is "engaged in the business of a savings bank."   The answer denies that fact.   While there is no direct testimony on this point, several items in the evidence submitted by defendant indicate plainly that the bank is not a savings bank as defined by Banking Law, § 2 (Consol. Laws, c. 2).

Defendant's Exhibit 1 shows that on the plaintiff's bank book was printed a provision usual in the case of savings banks in the following words:

"This bank will endeavor to prevent frauds on its depositors, yet all payments to persons producing the pass book issued by the bank shall be valid payments to discharge the bank."

This provision is of no legal effect except in the case of a savings bank, and then only "if prescribed by the Board of Trustees."   See Banking Law, § 143.   Defendant offered no proof that such a by-law had been so adopted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

On this state of the evidence, defendant must be held as an ordinary bank to know the signature of a depositor at its peril, unless it can show that an agreement to a different effect had been entered into between the plaintiff and itself.   Of such an agreement there was no evidence, except the provision printed in English on the pass book, to which the plaintiff did not assent, as she could not read English, and there is no testimony that it was ever called to her attention.    See Siegel v. State Bank, 123 N. Y. Supp. 220, and authorities therein cited.    While plaintiff's requests to charge were properly denied by the court, inasmuch as though stating the law correctly they asked for a direction of a verdict in favor of the plaintiff, where the substantial facts were in dispute, due exception was taken to the charge of the court that the bank was obliged to use only ordinary care in recognizing the signature of its depositors.    As there could be no valid claim on the evidence that plaintiff misled the bank into recognizing the forged signature, the case was submitted to the jury on an entirely erroneous theory.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.   All concur.